**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __Texas__
(State)

Case number (If known): _____   Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Independence Contract Drilling, Inc.

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  37-1653648

4. **Debtor's address**

   **Principal place of business**
   20475 SH 249
   Suite 300
   Houston, TX 77070
   Harris County

   **Mailing address, if different from principal place of business**

   **Location of principal assets, if different from principal place of business**

5. **Debtor's website (URL)**  https://www.icdrilling.com

Debtor  **Independence Contract Drilling, Inc.**                                                  Case number (*if known*)_____
        Name

| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
|---|---|---|
| 7. | **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☑ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>   2 1 1 1 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11. *Check **all** that apply*:<br>   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).<br>   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.<br>   ☑ A plan is being filed with this petition.<br>   ☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>   ☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br>If more than 2 cases, attach a separate list. | ☑ No<br>☐ Yes.  District _____  When _____  Case number _____<br>                                          MM / DD / YYYY<br>        District _____  When _____  Case number _____<br>                                          MM / DD / YYYY |

Debtor  **Independence Contract Drilling, Inc.**      Case number (*if known*)_____
        Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☑ Yes.  Debtor **Sidewinder Drilling LLC**   Relationship **Subsidiary**
        District **Southern District of Texas**   When **12 / 02 / 2024**
                                                        MM / DD / YYYY
        Case number, if known _____

List all cases. If more than 1, attach a separate list.

**11. Why is the case filed in *this district*?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number     Street
_____
_____   _____  _____
City                              State  ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:
☑ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49            ☑ 1,000-5,000       ☐ 25,001-50,000
☐ 50-99           ☐ 5,001-10,000      ☐ 50,001-100,000
☐ 100-199         ☐ 10,001-25,000     ☐ More than 100,000
☐ 200-999

| Debtor | Independence Contract Drilling, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 15. Estimated assets | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| 16. Estimated liabilities | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12 / 02 / 2024
              MM / DD / YYYY

✗ /s/ J. Anthony Gallegos, Jr.          J. Anthony Gallegos, Jr.
Signature of authorized representative of debtor     Printed name

Title  President and Chief Executive Officer

**18. Signature of attorney**

✗ /s/ Duston McFaul                     Date  12 / 02 / 2024
Signature of attorney for debtor              MM / DD / YYYY

Duston McFaul
Printed name

Sidley Austin LLP
Firm name

1000 Louisiana Street, Suite 5900
Number      Street

Houston                                  TX         77002
City                                     State      ZIP Code

(713) 495-4500                           dmcfaul@sidley.com
Contact phone                            Email address

24003309                                 TX
Bar number                               State

Official Form 201      Voluntary Petition for Non-Individuals Filing for Bankruptcy      page 4

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

# Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is __001-36590__.

2. The following financial data is the latest available information and refers to the debtor's condition on __September 30, 2024__.

    a. Total assets                                    $ 356,854,000

    b. Total debts (including debts listed in 2.c., below)   $ 216,785,000

    c. Debt securities held by more than 500 holders

    |  | Approximate number of holders: |
    |---|---|
    | secured ☐   unsecured ☐   subordinated ☐   $ _____ | _____ |
    | secured ☐   unsecured ☐   subordinated ☐   $ _____ | _____ |
    | secured ☐   unsecured ☐   subordinated ☐   $ _____ | _____ |
    | secured ☐   unsecured ☐   subordinated ☐   $ _____ | _____ |
    | secured ☐   unsecured ☐   subordinated ☐   $ _____ | _____ |

    d. Number of shares of preferred stock       None
    e. Number of shares common stock              15,186,780

    Comments, if any: __Total assets and total debts are listed as set forth in the Debtor's unaudited balance sheet for fiscal period ended September 30, 2024. To the Debtor's knowledge the shares of common stock listed above are those outstanding as of November 15, 2024.__

3. Brief description of debtor's business: __Independence Contract Drilling, Inc. provides land-based contract drilling services for a broad array of oil and natural gas producers in the United States.__

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
    MSD Partners, L.P. (11.2%)

Official Form 201A           Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>INDEPENDENCE CONTRACT DRILLING, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 24-_____ (___) |

## LIST OF EQUITY SECURITY HOLDERS[1]

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following is a list of holders of equity securities of the above-captioned debtor.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| N/A | N/A | N/A |

---

[1] By the *Debtors' Emergency Motion for Entry of an Order (A) Authorizing the Debtors to (I) File a Consolidated Creditor Matrix and (II) File a Consolidated List of 30 Largest Unsecured Creditors; (B) Waiving the Requirement to File a List of Equity Security Holders for Independence Contract Drilling Inc.; (C) Authorizing the Debtors to Redact Certain Personal Identifying Information; (D) Approving the Form and Manner of Notifying Customers of the Commencement of the Chapter 11 Cases and Other Information; and (E) Granting Related Relief* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity security holders.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>INDEPENDENCE CONTRACT DRILLING, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 24-_____ (___) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest.

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| MSD Partners, L.P. | 11.2% |

**Fill in this information to identify the case:**

Debtor name: Independence Contract Drilling, Inc., *et al*

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known):

☐ Check if this is an amended filing

Official Form 204

### Chapter 11 or Chapter 9:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders           12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | TEXAS STEEL CONVERSION INC<br>3101 HOLMES RD<br>HOUSTON, TX 77051 | ATTN: HARRY THOMAS<br>PHONE: 713-733-6013<br>EMAIL: HTHOMAS@TEXASSTEELCONVERSION.COM | TRADE PAYABLE | | | | $978,232 |
| 2 | RED STONE OPERATIONS INC (TRUCKING)<br>PO BOX 13237<br>ODESSA, TX 79768<br><br>RED STONE OPERATIONS INC (TRUCKING)<br>3962 S. DIXIE BLVD<br>ODESSA, TX 79766 | ATTN: NORMA GOMEZ - AR REMIT<br>PHONE: 432-332-0010<br>EMAIL: NORMAG@REDSTONEOPERATIONS.COM | TRADE PAYABLE | | | | $926,107 |
| 3 | NOAHS SERVICE & SUPPLY LLC<br>1092 MARVIN A SMITH IND DR<br>KILGORE, TX 75662 | ATTN: AR REMIT<br>PHONE: 903-218-6888<br>EMAIL: BRANDON@NOAHSS.COM | TRADE PAYABLE | | | | $353,118 |
| 4 | DEEPWELL ENERGY SERVICES LLC (TRUCKING)<br>PO BOX 31<br>WAYNESBORO, MS 39367<br><br>DEEPWELL ENERGY SERVICES LLC (TRUCKING)<br>4025 HIGHWAY 35 NORTH<br>COUMBIA, MS 39429 | ATTN: AR REMIT<br>PHONE: 601-522-2300<br>EMAIL: PAYMENTS@DWSERVICES.COM | TRADE PAYABLE | | | | $251,325 |
| 5 | WELLBORE INTEGRITY SOLUTIONS LLC<br>251 LITTLE FALLS DR<br>WILMINGTON, DE 19808 | ATTN: AR REMIT<br>PHONE: 281-975-2500<br>EMAIL: AR-NAM@WELLBOREINTEGRITY.COM | TRADE PAYABLE | | | | $250,466 |
| 6 | BRADYS WELDING & MACHINE SHOP INC (TRUCKING)<br>11991 HWY 76<br>PO BOX 788<br>HEALDTON, OK 73438 | ATTN: AR REMIT<br>PHONE: 580-229-1168<br>EMAIL: PAYMENTS@BRADYWELDING.COM | TRADE PAYABLE | | | | $235,000 |
| 7 | AGILITY EQUIPMENT SERVICES LLC DBA AGILITY RENTALS<br>8294 US HWY 87 N<br>SAN ANGELO, TX 76901 | ATTN: AR REMIT<br>PHONE: 325-710-6727<br>EMAIL: FUNDING@TXPCAPITAL.COM | TRADE PAYABLE | | | | $231,673 |
| 8 | OILFIELD INDUSTRIAL SUPPLY LLC<br>PO BOX 7867<br>SHREVEPORT, LA 71137<br><br>OILFIELD INDUSTRIAL SUPPLY LLC<br>1248 NORTH MARKET STREET<br>SHREVEPORT, LA 71107 | ATTN: JACKIE CLINE - AR REMIT<br>PHONE: 318-222-9276<br>EMAIL: JACKIE@O-I-S.COM | TRADE PAYABLE | | | | $227,177 |
| 9 | PEREGRINE ADDITIVES & LUBES LLC<br>6318 UNION AVE<br>SHREVEPORT, LA 71106 | ATTN: AR REMIT<br>PHONE: 318-222-2224<br>EMAIL: PHYLLIS@PALUBE.COM | TRADE PAYABLE | | | | $200,763 |
| 10 | SCHLUMBERGER RIG TECHNOLOGY INC (RENTALS)<br>6650 BINGLE RD<br>HOUSTON, TX 77092 | ATTN: AR REMIT<br>PHONE: 713-513-2000<br>EMAIL: RPCACCTSRECEIVABLE@SLB.COM | TRADE PAYABLE | | | | $166,687 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 11 | LOUISIANA ELECTRIC RESOURCE & SUPPLY LLC  16405 AIR CENTER BLVD  STE 400  HOUSTON, TX 77032 | ATTN: AR REMIT  EMAIL: ACCOUNTING@LERS.COM | TRADE PAYABLE | | | | $161,963 |
| 12 | WILDCAT OIL TOOLS LLC  PO BOX 50592  MIDLAND, TX 79701    WILDCAT OIL TOOLS LLC  706 N. COLORADO ST.  MIDLAND, TX 79701 | ATTN: ADILENE M CORDERO - AR REMIT / CONTROLLER  EMAIL: ADILENE@WILDCATOILTOOLS.COM | TRADE PAYABLE | | | | $141,134 |
| 13 | OPTIMAL INTEGRATION LLC  PO BOX 498  TOMBALL, TX 77377    OPTIMAL INTEGRATION LLC  528 FLATBUSH AVE #7  BROOKLYN, NY 11225 | ATTN: AR REMIT  PHONE: 315-250-8335  EMAIL: AR@OPTIMALUSA.COM | TRADE PAYABLE | | | | $139,610 |
| 14 | J & W SERVICES AND EQUIPMENT CO INC  3510 EAST STATE HWY 158  PO BOX 11021  MIDLAND, TX 79706 | ATTN: KACI CARTER - AR REMIT  PHONE: 432-687-0515  EMAIL: KACI@JWWELLHEADS.COM | TRADE PAYABLE | | | | $126,459 |
| 15 | NO LIMIT WELDING & SERVICES LLC  4950 N CYPRESS AVE  ODESSA, TX 79764 | ATTN: NOE HERNANDEZ - AR REMIT  PHONE: 209-484-3323  EMAIL: NOE.HERNANDEZ@NOLIMITSERVICESLLC.COM | TRADE PAYABLE | | | | $118,925 |
| 16 | NABORS DRILLING TECHNOLOGIES USA INC DBA (RENTALS)  515 W GREENS RD  STE 1000  HOUSTON, TX 77067 | ATTN: AR REMIT  PHONE: 281-874-0035  EMAIL: AR.CREDIT@NABORS.COM | TRADE PAYABLE | | | | $106,306 |
| 17 | WAYNE ENTERPRISES INC  14300 HOLLISTER  STE 100  HOUSTON, TX 77066 | ATTN: AR REMIT  PHONE: 713.896.0300  EMAIL: AR@WAYNE-ENT.COM | TRADE PAYABLE | | | | $100,436 |
| 18 | FORUM US INC DBA FORUM ENERGY TECHNOLOGIES  10344 SAM HOUSTON PARK DR  STE 300  HOUSTON, TX 77064 | ATTN: AR REMIT  PHONE: 1 713 351 7900  EMAIL: TSC.CASHAPPS@F-E-T.COM | TRADE PAYABLE | | | | $95,255 |
| 19 | TAURO WELDING SERVICE LLC (WELDING & HOTSHOT)  9209 CR 393  JEWETT, TX 75846 | ATTN: ALEX MENDEZ (OWNER) - AR REMIT  EMAIL: ATWS.9209@GMAIL.COM | TRADE PAYABLE | | | | $77,388 |
| 20 | HORIZON CABLE SERVICE INC  PO BOX 270895  OKLAHOMA CITY, OK 73137    HORIZON CABLE SERVICE INC  45 NORTH COOLEY DRIVE  OKLAHOMA CITY, OK 73127 | ATTN: KATHY GOLDEN - AR REMIT  PHONE: 405-789-7125  EMAIL: CORP@HORIZONCABLEINC.COM | TRADE PAYABLE | | | | $75,667 |
| 21 | THE RAND GROUP LLC  6575 W LOOP SOUTH  STE 700  BELLAIRE, TX 77401 | ATTN: AR REMIT  PHONE: (866) 714-8422  EMAIL: AR@RANDGROUP.COM | TRADE PAYABLE | | | | $72,857 |
| 22 | KTML CONTRACTORS LLC  1576 TERRELL RD  PLEASANT HILL, LA 71065 | ATTN: CINDY BISSELL - AR REMIT  PHONE: (318) 796-3154  EMAIL: CBISSELL@KTMLCONTRACTORS.NET | TRADE PAYABLE | | | | $68,798 |
| 23 | AARON WHITE DBA A W VIPER TECH SERVICES LLC  6456 NORTH HALL AVE  ODESSA, TX 79764 | ATTN: AARON WHITE - OWNER  EMAIL: VIPERDUDE61@HOTMAIL.COM | TRADE PAYABLE | | | | $67,638 |
| 24 | JOLIET ELECTRIC MOTORS LLC  1 DORIS AVE  JOLIET, IL 60433 | ATTN: CHAR CHRISTENSEN - AR REMIT  PHONE: 800-435-9350  EMAIL: CCHRISTENSEN@JOLIETELECTRICMOTORS.COM | TRADE PAYABLE | | | | $67,115 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 25 | CHRISTOPHER JAMES GROVES DBA GROVES INT RIG REPAIR<br>PO BOX 8338<br>MIDLAND, TX 79705<br><br>CHRISTOPHER JAMES GROVES DBA GROVES INT RIG REPAIR<br>8518 N CR W<br>ODESSA, TX 79764 | ATTN: CHRIS GROVES - AR REMIT<br>EMAIL: DIAMONDBACKEQPT@GMAIL.COM | TRADE PAYABLE | | | | $65,424 |
| 26 | HI-TECH TUBULAR SERVICE LLC<br>PO BOX 10535<br>NEW IBERIA, LA 70562<br><br>HI-TECH TUBULAR SERVICE LLC<br>1608 HIGHWAY 90 EAST<br>NEW IBERIA, LA 70560 | ATTN: TRACI BROUSSARD - AR REMIT<br>PHONE: 337-369-7358<br>EMAIL: TRACI@HTTS.TECH | TRADE PAYABLE | | | | $62,708 |
| 27 | REXEL USA INC<br>14951 DALLAS PKWY<br>DALLAS, TX 75254 | ATTN: AR REMIT<br>PHONE: (888) 739-3577<br>EMAIL: CASHAR@REXELUSA.COM | TRADE PAYABLE | | | | $61,891 |
| 28 | AXON PRESSURE PRODUCTS DBA AXON ENERGY SERVICES<br>12606 NORTH HOUSTON ROSSLYN RD<br>HOUSTON, TX 77086 | ATTN: AR REMIT<br>PHONE: 713.581.2515<br>EMAIL: SARAHGURBUZ@AXON-ES.COM | TRADE PAYABLE | | | | $58,000 |
| 29 | RAUL CORRALEZ DBA DOUBLE R WELDING (WELDER)<br>13220 S QUARTZ<br>ODESSA, TX 79766 | ATTN: AR REMIT<br>EMAIL: FUNDING@MYSBCAPITAL.COM | TRADE PAYABLE | | | | $54,469 |
| 30 | GDS INTERNATIONAL LLC<br>9841 WINDMILL PARK LANE<br>HOUSTON, TX 77064 | ATTN: AR REMIT<br>EMAIL: ARINVOICING@PREMIUMOILFIELD.COM | TRADE PAYABLE | | | | $51,308 |

**Fill in this information to identify the case and this filing:**

Debtor Name __Independence Contract Drilling, Inc._____

United States Bankruptcy Court for the: __Southern_____ District of __Texas_____
(State)

Case number (*If known*): _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration __List of Equity Security Holders and Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __12 / 02 / 2024__       ✗ __/s/ J. Anthony Gallegos, Jr._____
MM / DD / YYYY                            Signature of individual signing on behalf of debtor

                                          __J. Anthony Gallegos, Jr._____
                                          Printed name

                                          __President and Chief Executive__ Officer
                                          Position or relationship to debtor

# RESOLUTIONS ADOPTED AT MEETING OF BOARD OF DIRECTORS
# OF
# INDEPENDENCE CONTRACT DRILLING, INC.

December 2, 2024

Pursuant to the provisions of the Delaware General Corporation Law and the Limited Liability Company Act of the State of Delaware, as applicable, each as in effect on the date hereof, Independence Contract Drilling, Inc. (the "Company"), on behalf of itself and its wholly-owned subsidiary, Sidewinder Drilling LLC, (the "Subsidiary", and collectively with the Company, the "Companies") hereby adopts and approves the following resolutions:

**WHEREAS**, pursuant to applicable state law, the Company's Third Amended and Restated Bylaws (the "Bylaws") and the Subsidiary's Amended and Restated Limited Liability Company Agreement (and together with the Bylaws, the "Operating Documents"), as applicable, the board of directors of the Company (the "Board") is authorized to consent to, adopt and approve the following resolutions and each and every action effected thereby;

**WHEREAS**, the Board has considered certain materials presented by, or on behalf of, the Company's management ("Management") and financial and legal advisors (collectively, the "Advisors"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Companies;

**WHEREAS**, the Board has determined, in the business judgment of the Board, that the following resolutions are advisable and in the best interests of the Company, its interest holders, its creditors, the Subsidiary, and other parties in interest;

## Chapter 11 Filing

**WHEREAS**, the Board has reviewed and considered presentations by Management and the Advisors regarding strategic alternatives, including, without limitation, transactions that could take the form of a refinancing, restructuring of the indebtedness of the Companies, commencing potential insolvency proceedings, or a chapter 11 plan (collectively, the "Potential Strategic Alternatives" and each, a "Potential Strategic Alternative"); and

**WHEREAS**, the Board has reviewed and considered presentations by Management and the Advisors of the Company regarding the advantages and disadvantages of filing voluntary petitions for relief (the "Bankruptcy Petitions") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code").

**NOW, THEREFORE, BE IT RESOLVED** that the members of the Board have considered their fiduciary duties under applicable law in exercising their powers and discharging their duties, to act honestly and in good faith with a view to the best interests of the Companies as a whole, to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances;

**FURTHER RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its interest holders, its creditors, the Subsidiary, and other parties in interest, that the Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy

Petitions under the provisions of chapter 11 of the Bankruptcy Code (the "Restructuring Matters") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") for the Company, on or after December 2, 2024; and, in accordance with the requirements of the Operating Documents and applicable law, the Board hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petitions; and

**FURTHER RESOLVED**, that any director or duly appointed officer of the Company, each acting individually and with full power of substitution (together with any persons to whom such persons delegate certain responsibilities, collectively, the "Authorized Persons") be, and hereby is, authorized to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Companies and/or obtain additional financing in accordance with the Bankruptcy Code.

**Debtor In Possession Financing**

**WHEREAS**, the Company desires to negotiate, execute, deliver, and perform under a debtor-in-possession financing facility provided by the holders of the Floating Rate Convertible Senior Secured PIK Toggle Notes due 2026 (in such capacity, the "DIP Lenders") (the "DIP Facility"), and enter into all term sheets, agreements, instruments, certificates, pledges, applications, supplements, reports, notices and documents constituting exhibits or schedules to or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Facility (the "DIP Facility Documents") to consummate the transaction and one or more borrowings contemplated thereby (the "DIP Loans");

**NOW, THEREFORE, BE IT RESOLVED** that the Company be, and hereby is, authorized, directed, and empowered to enter into (i) the DIP Facility Documents, on terms and conditions substantially similar to those set forth in the form of DIP Facility Documents previously provided and/or described to the Board, and to perform all of its obligations thereunder, including the incurrence of the indebtedness thereunder, borrowing and repaying DIP Loans, (ii) the guaranty by the Companies of the obligations thereunder and (iii) the grant of security interests in and liens upon certain assets of the Companies now or hereafter owned as contemplated by DIP Facility Documents in favor of the DIP Lenders;

**FURTHER RESOLVED**, that (i) the form, terms and provisions of the DIP Facility Documents, (ii) the execution, delivery and performance thereof, and (iii) the consummation of the transactions related thereto is hereby authorized and approved in all respects, and each of the Authorized Persons, any of whom may act without any of the others, be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to enter into, execute, deliver and perform under, the DIP Facility Documents and any amendments or modifications thereto, with such changes, modifications, additions, deletions and amendments thereto as any Authorized Persons in his or her sole discretion shall deem required, necessary, appropriate, desirable or advisable, the approval of which shall be conclusively established by the execution and delivery thereof;

**FURTHER RESOLVED**, that in order to carry out fully the intent and effectuate the purposes of the foregoing resolutions, each of the Authorized Persons be, and each of them hereby is, authorized and empowered in the name and on behalf of the Company to take or cause to be taken all such

further action including, without limitation, to arrange for, enter into or grant amendments and modifications to and waivers of the DIP Facility Documents, and to arrange for and enter into supplemental agreements, instruments, certificates, joinders, consents, assignments, notices, financing statements and other documents, relating to the DIP Facility contemplated by the DIP Facility Documents, and to execute and deliver all such further amendments (including any incremental amendments and upsizes), modifications, waivers, supplemental agreements, instruments, notes, or any other financing documents, as may be called for under or in connection with the DIP Facility Documents, that may be determined by such Authorized Persons to be necessary or desirable, containing such terms and conditions and other provisions consistent with the DIP Facility Documents, in the name and on behalf of the Company, and to pay all such indemnities, fees and expenses, which shall in his or her judgment be deemed necessary, proper or advisable in order to perform the Companies' obligations under or in connection with the DIP Facility Documents and the transactions contemplated thereby; and

**FURTHER RESOLVED**, that all actions taken by any of the Authorized Persons of the Company prior to the date of this consent, which are within the authority conferred hereunder, are hereby in all respects authorized, ratified, confirmed, and approved.

**Filing of the Chapter 11 Plan**

**WHEREAS**, the Company, with the assistance of the Advisors, have formulated a plan of reorganization under chapter 11 of the Bankruptcy Code (as amended or restated from time to time, the "Plan") and a disclosure statement with all related exhibits thereto (as amended or restated from time to time, the "Disclosure Statement");

**WHEREAS**, the Board has reviewed the Plan and Disclosure Statement and has had the opportunity to consult with the Advisors concerning the Plan and Disclosure Statement; and

**WHEREAS**, in the business judgment of the Board, it is desirable and in the best interest of the Company, its interest holders, its creditors, the Subsidiary, and other parties in interest that the Company file the Plan and Disclosure Statement with the Bankruptcy Court, amend or restate the Plan and/or Disclosure Statement from time to time as may be necessary in the reasonable business judgment of the Authorized Persons, and seek confirmation of the Plan.

**NOW, THEREFORE, BE IT RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Company, its interest holders, its creditors, the Subsidiary, and other parties in interest that the Authorized Persons file or cause to be filed the Plan, the Disclosure Statement, and all other papers or documents (including any amendments) related thereto, and to take any and all actions that they deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan;

**FURTHER RESOLVED**, that the Authorized Persons acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, directed, and empowered, together with the other Advisors, to file all other documents deemed necessary to confirm a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to, and modifications of, the Plan and the Disclosure Statement; and

**FURTHER RESOLVED**, that the Authorized Persons acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, directed, and empowered to take or cause to be

taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plan if confirmed by the Bankruptcy Court.

**Retention of Professionals**

**WHEREAS**, the Board has considered presentations by its Advisors regarding the retention of various financial and legal advisors by the Company.

**FURTHER RESOLVED**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, directed, and empowered to employ the following professionals on behalf of the Company: (i) the law firm of Sidley Austin LLP, as legal counsel; (ii) the financial advisory firm of Riveron Consulting, LLC, to provide financial and restructuring advisory services to the Company; (iii) the investment banking firm of Piper Sandler & Co., as investment banker; (iv) Kroll Restructuring Administration LLC as noticing and claims agent; and (v) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is authorized, directed, and empowered, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

**Further Actions and Prior Acts**

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized and empowered to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to the Restructuring Matters and the Potential Strategic Alternatives;

**FURTHER RESOLVED**, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, directed, and empowered to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

**FURTHER RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Company may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all

agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

**FURTHER RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Companies, or hereby waive any right to have received such notice; and

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board.

[*Remainder of page has been intentionally left blank.*]